IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SCOTTY ANGLIN and
ASHLEY ANGLIN                                                                                                         PLAINTIFFS

v.                                       Case No. 1:19-cv-1022

DEWAYNE FAULKNER and
BETTY FAULKNER                                                                                                      DEFENDANTS

## MEMORANDUM OPINION and ORDER

Before the Court is a Motion for Summary Judgment filed by Defendants.[1]  ECF No. 13. Plaintiffs have filed a response.  ECF No. 18.  Defendants have filed a reply.  ECF No. 25.  The motion is ripe for the Court's consideration.  For the following reasons, the Court finds that Defendants' Motion for Summary Judgment should be denied.

### I.  BACKGROUND

Scotty Anglin ("Scotty"), a licensed insurance adjustor, went to inspect Betty and Dwayne Faulkner's roof after they filed a claim for hail damage with their insurer.  He arrived at the Faulkners' house mid-morning and placed his ladder at the front of the house to access the shingle roof.  Dwayne Faulkner ("Dwayne") was worried that the ladder would damage the gutters, so he

---

[1] Without seeking the Court's permission to do so, Defendants also filed a Supplemental Motion for Summary Judgment.  ECF No. 24.  Defendants state that, at the time the summary judgment motion was filed, the parties had not yet deposed Anthony Uekman.  The parties agreed to depose Uekman on June 24, 2020, well after the discovery deadline and dispositive motions deadline had passed.  In fact, the Court had previously denied the parties' request to extend these deadlines by forty-five days for the purpose of conducting this deposition.  ECF Nos. 11, 12.  However, the Court stated that it would "entertain a motion for a shorter extension of the discovery deadline or a motion to continue the trial."  ECF No. 12.  Such a motion was never filed.  Instead, the parties disregarded the Court's order and agreed to conduct Uekman's deposition on June 24, 2020, fifty-two days after the discovery deadline had passed. Defendants' Supplemental Motion for Summary Judgment and portions of their reply brief are based on Uekman's deposition testimony, and the seventy-eight pages of his deposition transcript are attached as an exhibit to the supplemental motion.  ECF No. 24-1.  Because this deposition was taken well past the discovery deadline and after the Court's denial of the parties' request to extend this deadline and the dispositive motions deadline, the Court will not consider the Supplemental Motion for Summary Judgment, Uekman's deposition transcript, and the portions of Defendant's reply brief that rely on the transcript.  Accordingly, the Supplemental Motion for Summary Judgment (ECF No. 24) is **DENIED**.

requested that Scotty move his ladder to the metal roof at the back of the house. There were two adjacent patios at the back of the house—an enclosed indoor patio and an unenclosed outdoor patio. The metal roof covered the enclosed indoor patio. The other patio was covered by a roof made of non-metal material.

Scotty complied with Dwayne's request to access the roof via the metal roof covering of the indoor patio. Once Scotty climbed onto the metal roof covering, he went straight to the shingle roof part of the house. While conducting the inspection, Scotty eventually stepped onto the outdoor patio roof and fell through the non-metal roof material onto the ground. Scotty alleges that, as a result of the fall, he sustained severe injuries. Scotty's wife, Ashley Anglin ("Ashley"), went to the Faulkners' house the evening of the accident to retrieve Scotty's truck, and Dwayne showed her where Scotty had fallen through the roof.

The parties disagree as to the exact material of the outdoor patio roof but agree that it was not metal. According to Scotty, he could not see a difference between the roof material covering the outdoor patio and that covering the indoor patio. He thought both patios were covered by the same metal roof material.

After Scotty was injured, another insurance adjustor, Anthony Uekman, took over the Faulkners' claim. He inspected the Faulkners' roof one week after Scotty's accident. According to Uekman, the portion of the roof Scotty fell through appeared to be metal.

The Anglins, who are residents of Alabama, have filed the instant lawsuit alleging that the Faulkners, who are residents of Arkansas, are liable for failure to warn Scotty that the outdoor patio roof was plastic and failure to keep the roof in a safe condition. The Faulkners argue that they are entitled to summary judgment because they did not owe Scotty a duty to warn about open and obvious dangers, such as the non-metal patio roof.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id*. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id*. The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

## III. DISCUSSION

Because the Court's jurisdiction is based on diversity, Arkansas substantive law applies to

this dispute. *See S & A Farms, Inc. v. Farms.com, Inc.*, 678 F.3d 949, 954 (8th Cir. 2012). To prove negligence, the Anglins must show that the Faulkners owed the Anglins a duty, that the Faulkners breached the duty, and that their breach was the proximate cause of the Anglins' injuries.[2] *Yanmar Co., Ltd. v. Slater*, 386 S.W.3d, 439, 449 (Ark. 2012). The duty owed in a premises-liability case depends on the plaintiff's status on the land. In this case, the parties agree that Scotty was an invitee of the Faulkners, which means that the Faulkners' duty to the Anglins would be to use ordinary care to maintain the premises in a reasonably safe condition. *Young v. Paxton*, 873 S.W.2d 546, 550 (Ark. 1994). To recover from a property owner's failure to use ordinary care, the invitee must show that: (1) the premises were defective; (2) the property owner created the defect, or that the defect was apparent, or by the exercise of ordinary care should have been apparent, so that a reasonably prudent possessor would correct the defect or warn the invitee of it; and (3) the defect caused the invitee's injuries. *Gann v. Parker*, 865 S.W.2d 282, 284 (Ark. 1993).

The duty owed to an invitee is "usually satisfied when the danger is either known or obvious to the invitee." *Id*. "A dangerous condition is 'obvious' when 'both the condition and the risk are apparent to and would be recognized by a reasonable [person], in the position of the visitor, exercising ordinary perception, intelligence, and judgment.'" *Shook v. Love's Travel Stops & Cnty. Stores, Inc.*, 536 S.W.3d 635, 639 (Ark. App. 2017) (quoting *Van DeVeer v. RTJ, Inc.*, 101 S.W.3d 881, 885 (Ark. App. 2003)). In other words, when the dangerous condition is either known or obvious to the invitee, the homeowner owes no duty of ordinary care to the invitee. If the Court finds that no duty of care is owed, the negligence claim is decided as a matter of law. *Id.* at 637

---

[2] When discussing any potential duty in this case, the Court will discuss it in terms of a duty the Faulkners owed to the Anglins, even though the parties' actions occurred primarily through Scotty and Dewayne.

4

(quoting *D.B. Griffin Warehouse, Inc. v. Sanders*, 76 S.W.3d 254, 262 (Ark. 2002)).

The Faulkners argue that they are entitled to summary judgment because the non-metal outdoor patio roof was an open and obvious danger, and thus they owed no duty to the Anglins. The Anglins assert that summary judgment is improper because whether the outdoor patio roof was an open and obvious danger is a question of fact.

In his deposition, Scotty testified to the following details regarding the outdoor patio roof. The material covering the outdoor patio was not "see-through or transparent in any way" and appeared to be metal. ECF No. 18-1, pp. 9, 14. He was familiar with skylight material, and the outdoor patio roof was not skylight material or corrugated fiberglass but "more like a plastic material." ECF No. 18-1, p. 14-15. The sun was shining, and the materials covering the indoor and outdoor patios appeared to be the same solid white material. ECF No. 18, pp. 9, 25, 28. The reflection from the materials was the same. ECF No. 18-1, p. 25. After he fell through the roof, it was dark underneath. ECF No. 18-1, p. 9. Dwayne never warned him that the outdoor patio roof was not metal, and Scotty had no reason to know it was not metal. ECF No. 18-1, p. 25.

Ashley testified in her deposition that she saw a portion of the outdoor patio roof on the evening of the accident, that it was not transparent, that it "definitely was not a skylight," and that it was "corrugated material that looked like metal." ECF No. 18-2, p. 8. She further testified that, in daylight, you could not see through the outdoor patio roof at all. ECF No. 18-2, p. 8. She stated that the outdoor patio roof material looked "exactly the same" as the indoor patio roof material and that Dwayne told her he chose that material to match the metal roof. ECF No. 18-2, p. 8.

Anthony Uekman states the following in his affidavit. The portion of the roof Scotty fell through appeared to be metal and solid enough to walk across. ECF No. 18-5, p. 3. The material covering the outdoor patio was not transparent and was not a skylight. ECF No. 18-5, p. 3. If he

5

had not already known that the material was not metal, he would have likely walked on it. ECF No. 18, p. 3.

Dwayne testified in his deposition that the outdoor patio roof material was translucent and that he could see fallen leaves through the material when looking up through it. ECF No. 13-3, p. 16. He also testified that the indoor patio roof looked light brown and the outdoor patio roof looked white. ECF No. 13-3, p. 15.

The Faulkners argue that the Court should conclude as a matter of law that the outdoor patio roof was an open and obvious danger, and thus no duty was owed to the Anglins. The Faulkners cite to two Arkansas Supreme Court opinions ("Arkansas skylight cases") holding that warehouse owners have no duty to warn independent contractors or their employees about skylights, even if partially hidden, because the danger is obvious. *See D.B. Griffin Warehouse, Inc.*, 76 S.W.3d at 262; *Crenshaw v. Ark. Warehouses, Inc.*, 379 S.W.3d 515, 517 (Ark. App. 2010). The Faulkners argue that these cases require the Court to find that, in the present case, the "skylight roof" was an open and obvious danger. In the cited cases, there was no question regarding whether the open and obvious danger involved a skylight; whereas, in the present case, a fact question exists as to whether the outside patio roof is a skylight or even comprised of skylight material. Thus, the Arkansas "skylight cases" do not control. Further, the "Arkansas skylight cases" involved duties owed by warehouse owners to its independent contractors and the independent contractors' employees. In the present case, there was no independent contractor relationship between Scotty and the Faulkners.

The Faulkners also advance the argument that operating on dangerous roofs was an integral part of Scotty's work, and thus the Faulkners had no duty to warn him about the non-metal roof. This integral-work argument is based on Arkansas cases that hold that an employer of an

independent contractor has a duty to use ordinary care and warn the contractor and his employees of any hidden dangers or unusually hazardous conditions but has no duty to warn of obvious hazards that are an integral part of the work that the contractor has been hired to perform. *See, e.g.*, *Jackson v. Petit Jean Electric Co-op.*, 606 S.W.2d 66 (1980). The Faulkners, however, do not cite to any case that applies the integral-work rule when there was no independent contractor relationship. Scotty was not an independent contractor hired by Dwayne. Moreover, even if the integral-work cases did apply to the present case, there is still a fact question as to whether the non-metal roof was an obvious or hidden danger.

The Anglins have presented evidence that that the roofs covering the outdoor and indoor patio appeared to be one uniform, metal roof and that no part of the roof appeared transparent. The Faulkners have presented evidence that the outdoor patio roof was transparent and was distinguishable from the indoor patio roof. Because material fact questions exist, the Court cannot say that the Faulkners have proven as a matter of law that the danger presented by the non-metal roof was obvious and that they are entitled to summary judgment.

### IV.  CONCLUSION

For the reasons stated above, the Court finds that the Faulkners' Motion for Summary Judgment (ECF No. 13) and Supplemental Motion for Summary Judgment (ECF No. 24) should be and hereby are **DENIED**.

**IT IS SO ORDERED**, on this 31st day of July, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge